# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| Joseph P. Warren,<br>      *Plaintiff*,<br>v.<br>United States of America,<br>      *Defendant*. | Case No. 4:22-cv-00244 |

## UNITED STATES OF AMERICA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE COURT OF FEDERAL CLAIMS

The United States moves to dismiss Plaintiff Joseph P. Warren's complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. If the Court does not dismiss the case, it should transfer it to the Court of Federal Claims under 28 U.S.C. § 1631.

## BACKGROUND

The IRS assessed penalties against Plaintiff under 31 U.S.C. § 5321(a)(5) for each year from 2006 to 2012. The IRS imposed the penalties because each year, Plaintiff willfully failed to timely file a Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR." ECF No. 1, ¶ 15; *id.* Ex. A. Plaintiff paid the penalties, and in 2021, he mailed to the Internal Revenue Service claims for refund for his payments. *See* ECF No. 1, at Ex. A. In total, Plaintiff paid $284,496.00 toward these assessments—$39,687.00 for 2006, $66,146.00 for 2007, $34,954.00 for 2008, $35,525.00 for 2009, $38,984.00 for 2010, $43,045.00 for 2011, and $26,155.00 for 2012. *See* ECF No. 1, at 4–9; *see also id.*, at Ex. A. This suit followed on October 19, 2022. Now, Plaintiff seeks refund of the full amount he paid toward these assessments. *See id.*

1

As a basis for subject-matter jurisdiction, Plaintiff alleges compliance with 28 U.S.C. § 1346(a). *Id.* ¶ 3. But his Complaint fails to mention the relevant subpart of that statute, which includes subparts conferring jurisdiction for tax refund suits and those brought under the Little Tucker Act. *See infra*; *see also* 28 U.S.C. §§ 1346(a)(1) (tax refund claims), (a)(2) (Little Tucker Act). Because only the Little Tucker Act applies and all of Plaintiff's claims exceed the $10,000 threshold of that statute, this court lacks subject-matter jurisdiction.

## ARGUMENT

Money damages cannot be sought from the United States unless there is a waiver of sovereign immunity and subject matter jurisdiction. "Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed." *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) (internal quotations omitted); *see also United States v. Nordic Vill. Inc.*, 503 U.S. 30, 37 (1992) (where statute could be interpreted both as waiving and not waiving sovereign immunity, there was no "unequivocal" expression and thus no waiver).

Plaintiff alleges a waiver under 28 U.S.C. § 1346(a). *Id.* ¶ 3. Yet his Complaint fails to mention the relevant subpart of that statute, which includes two subparts. The first concerns tax refund suits; the second, non-tax claims brought under the Little Tucker Act. *See infra*; *see also* 28 U.S.C. §§ 1346(a)(1) (tax refund claims), (a)(2) (Little Tucker Act).

The latter is the only waiver of sovereign immunity available to Plaintiff in this Court. The tax refund waiver is unavailable because this case does not concern an

"internal-revenue" tax or penalty. Nor can Plaintiff invoke 28 U.S.C. § 1355, which only creates jurisdiction for government collection suits. The "Big" Tucker Act provides a waiver that would afford complete relief, but not in this Court. All that is left is the Little Tucker Act, § 1346(a)(2)—and Plaintiff cannot use that because his requested relief exceeds $10,000 for each count.

### A. This Court Lacks Jurisdiction Under 28 U.S.C. § 1346(a)(1) Because Plaintiff Does Not Seek Refund of Taxes or Tax Penalties

While Plaintiff styles his initial pleading as a "Complaint for Tax Refund" (ECF No. 1, at 1), Plaintiff makes no allegations of any taxes he paid. *See* ECF No. 1. Instead, he only seeks refund for payments made toward FBAR assessments. *See id.*, Ex. A (administrative claims for refund for FBARs assessed against Plaintiff for 2006 through 2012).

The FBAR penalty is *not* an "internal-revenue tax" or a "penalty . . . under the internal-revenue laws." § 1346(a)(1). Its history underlines that Congress has always considered it a law to combat financial crime in general—not just tax evasion. Congress enacted the underlying law authorizing the Secretary to require FBAR filings as part of the Bank Secrecy Act. *See* Currency and Foreign Transactions Reporting Act § 241, Pub. L. No. 91-508, 84 Stat. 1114, 1124 (1970) (codified at 31 U.S.C. § 5314(a)). Congress was concerned about the use of secret foreign accounts to facilitate white-collar crime ranging from fraud to tax evasion to concealment of black-market proceeds from the Vietnam War. *See Cal. Bankers Ass'n v. Schultz*, 416 U.S. 21, 28–29 (1974) (quoting H.R. Rep. No. 91-975 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4394, 4397–98). The

3

Treasury Department duly created a regulation that requires U.S. citizens to report foreign bank and financial accounts each year—regardless of whether they owe any tax on the funds in the account. *See* 31 C.F.R. § 1010.350(a) (2011) (requirement to file); 31 C.F.R. § 103.24 (2010) (same); *see also* 31 C.F.R. § 1010.306(c) (2011) (annual filing requirement); 31 C.F.R. § 103.27(c) (2010) (same).[1]

The Treasury Secretary may impose a civil money penalty on any person who fails to timely file an FBAR (hereinafter the "FBAR penalty"). 31 U.S.C. § 5321(a)(5)(A). The maximum penalty is $10,000 unless a person "willfully" fails to file the FBAR. *Id.* § 5321(a)(5)(B). For a willful failure to file, the maximum penalty is the greater of $100,000 or 50% of the account balance at the time of the violation. *Id.* § 5321(a)(5)(C)(i), (D)(ii). The Treasury Secretary has delegated the authority to investigate and impose FBAR penalties to the IRS. *See* 31 C.F.R. § 1010.810(g) (2011).[2]

Those penalties were not always part of the Bank Secrecy Act. First, Congress created a civil money penalty for willful violations as part of the Money Laundering Control Act of 1986. *See* Pub. L. No. 99-570, Subtitle H, § 1357(c), 100 Stat. 3207, 3207-25 (1986). It emphasized that the Bank Secrecy Act was designed to stop "the taking over of legitimate businesses by organized crime, the financing of narcotics traffic,

---

[1] In 2011, the Treasury Department updated its regulations governing reports of foreign financial accounts. The new regulations control for FBAR filing years beginning with 2010. *See* Amendment to the Bank Secrecy Act Regulations—Reports of Foreign Financial Accounts, 76 Fed. Reg. 10234, 10234 (Feb. 24, 2011). Because this case is about filing years governed by both the new and old regulations, the United States will give citations to both where appropriate. In any event, for the issues presented in this Motion, there is no material difference between the two sets of regulations.

[2] While not reflected in regulations before 2011, Treasury delegated civil enforcement of the FBAR provisions to the IRS in 2003. *See* Treasury Report to Congress in Accordance with § 361(b) of the PATRIOT Act, at 5 (Apr. 24, 2003), *available at* https://www.fincen.gov/sites/default/files/shared/fbar3613.pdf.

and other illegal purposes" as well as tax evasion. *Tax Evasion, Drug Trafficking, and Money Laundering as They Involve Financial Institutions*, 99th Cong. 2 (Apr. 16, 1986) (statement of Rep. St. Germain, Chair, House Subcomm. on Financial Institutions). In 2004, Congress added the non-willful penalty. American Jobs Creation Act of 2004, Pub. L. No. 108-357, § 821, 118 Stat. 1418, 1586 (2004). It explained that it was concerned with "combatting terrorism" as well as "sound tax administration." S. Rep. 108-257, at 32 (2004).

So, the FBAR penalty serves additional purposes beyond tax enforcement. It also is not included in the Internal Revenue Code's general treatment of penalties. *See Mendu v. United States*, 153 Fed. Cl. 357, 365–66 (2021). As a result, courts have repeatedly distinguished between the FBAR penalty and tax penalties. *See Whistleblower 22716-13W v. Commissioner*, 146 T.C. 84, 93–95 (2016) (determining FBAR civil penalties are not "additional amounts" for purposes of calculating proceeds from whistleblower-initiated tax fraud detections); *Williams v. Commissioner*, 131 T.C. 54, 56–58 (2008) (finding no jurisdiction over FBAR penalties in the United States Tax Court because the penalties are not subject to Title 26 deficiency procedures); *see also United States v. Simonelli*, 614 F. Supp. 2d 241, 245–47 (D. Conn. 2008) (declining to consider FBAR penalties to be "taxes" because they arise from non-tax law and the Bank Secrecy Act does not impose "involuntary pecuniary burden").

Courts have also found that FBAR refund actions are *not* tax refund actions because they are not subject to the same full payment rule as tax refund actions. *See, e.g.*, *Mendu*, 153 Fed. Cl. at 355–66; *see also Flora v. United States*, 357 U.S. 63, 75–76

(1958) (holding full payment is a prerequisite to litigating a tax refund in district court); *Flora v. United States*, 362 U.S. 145, 155 (1960) (same). And while the Third Circuit mused, in *dictum*, that FBAR penalties *may* be a tax subject to this rule, it did not definitively hold that principle to be true. *Bedrosian v. United States*, 912 F.3d 144, 149 n.1 (3d Cir. 2018). Nor have subsequent courts, including most notably the Court of Federal Claims. *Mendu*, 153 Fed. Cl. at 366–68. In fact, in holding it had jurisdiction to hear Plaintiff's refund claims, the *Mendu* Court held that the *Bedrosian* footnote lacked binding authority, was not persuasive, and in many ways contradicted itself. *Id.*

It is true that FBAR penalties, like taxes, are collected by the IRS. But FBARs are *not* taxes. And as such, subject matter jurisdiction to hear refunds of them, and the United States' sovereign immunity to be sued about them, does not come from 28 U.S.C. § 1346(a)(1). Thus, Plaintiff must seek jurisdiction and a waiver of sovereign immunity elsewhere.

### B. This Court Lacks Jurisdiction Under 28 U.S.C. § 1355 Because This Action Was Not Brought by the United States

Plaintiff's Complaint does not mention another federal statute that, at first blush, might appear to apply. Section 1355(a) of Title 28 (U.S.C.) provides in relevant part:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress…

But the "recovery" here does not mean a refund. This statute is almost universally applied by the federal government in an action against a private citizen, rather than against the federal government. For instance, the Third Circuit held that 28 U.S.C. § 1355 did not

6

confer jurisdiction over a private party's suit against the State of New Jersey because "'the suit is not by a public officer to recover a sum of money which will be paid into the public treasury.'" *Sipe v. State of New Jersey*, 689 F.2d 396, 406 (3d Cir. 1982) (quoting *Fields v. Washington*, 173 F.2d 701, 703 (3d Cir. 1949)); *but see Elliott v. United States*, 96 Fed. Cl. 666, 671 (2011) (finding section 1355 does apply to a private persons' suit against the government); *Mason v. United States*, 1990 WL 56496 (E.D. Pa. 1990) (same).

Furthermore, even if 28 U.S.C. § 1355 grants the district courts subject-matter jurisdiction over penalty-refund suits brought by private persons (such as the FBAR penalty), it does not waive sovereign immunity for such suits. The FBAR penalty statute does not prescribe a regime for seeking damages from the United States. Instead, it imposes reporting requirements on private persons and prescribes criminal and civil liability for failure to do so. *See* 31 U.S.C. §§ 5314, 5321, 5322. Thus, while statute explicitly authorizes suits *by* the Treasury Secretary, it does not mention suits by private persons like Plaintiff.

Considering the ambiguity about whether section 1355 even applies to private suits, the statute cannot be characterized as "unequivocally express[ing]" the Government's consent to be sued, and the few courts that have addressed the question have found no waiver of sovereign immunity in that section. *See Coastal Rehab. Servs., P.A. v. Cooper,* 255 F. Supp. 2d 556, 561 (D.S.C. 2003); *Mock v. United States (In re $22,420.00 in U.S. Currency),* 2008 WL 1969209, at *2 (E.D.N.C. 2008); *Ousley v. Gritis*, 1998 WL 796732, at *2, (D. Nev. 1998) (suit against IRS agents to enjoin tax

7

audit). Thus, Plaintiff must establish a waiver of sovereign immunity through some other statute. He has not done so.

### C. This Court Does Not Have Jurisdiction Under the Tucker Act Because That Statute Only Confers Jurisdiction on the Court of Federal Claims

None of this is to say Plaintiff entirely lacks a remedy. Subject matter jurisdiction for FBAR refund suits exists under the Tucker Act or Little Tucker Act. 28 U.S.C. § 1491(a)(1) (Tucker Act); 28 U.S.C. § 1346(a)(2) (Little Tucker Act). Those statutes confer jurisdiction for claims of "illegal exaction." A claim against the United States for refund of an FBAR penalty is the type of illegal exaction claim that is covered by those statutes. It is a straightforward claim for money alleged to have been improperly paid to the United States under an Act of Congress (31 U.S.C. § 5321). *See, e.g.*, *Koussa v. United States*, 2021 WL 9182423, at *2–5 (N.D. Tex. July 6, 2021) (finding jurisdiction in the Court of Federal Claims, *not* the district court, under the Tucker Act for a refund claim exceeding $10,000); *Kimble v. United States*, 141 Fed. Cl. 373 (2018) (FBAR refund suit in court of federal claims); *Kentera v. United States*, 2017 WL 401228, at *4–6 (E.D. Wisc. Jan. 30, 2017) (finding both the Tucker Act and Little Tucker Act confer jurisdiction for FBAR refund suits, in respective courts, as an illegal exaction claim); *Jarnagin v. United States*, 134 Fed. Cl. 368, 374–75 (2017); *Norman v. United States*, 126 Fed. Cl. 277 (2016); *see also Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1976) (describing illegal exaction claims under the Tucker Act).

The Tucker Act "giv[es] the [CFC] jurisdiction over specified types of claims against the United States" and "constitutes a waiver of sovereign immunity with respect

to those claims." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The statute permits a broad array of challenges based on the Constitution, statutes, or regulations, without any limit on the amount of relief a plaintiff can seek. *See* 28 U.S.C. § 1491(a)(1).

Because the Tucker Act grants jurisdiction to the Court of Federal Claims for illegal exaction claims of any amount, Plaintiff's action would rightfully be within its jurisdiction. Yet it does not grant any jurisdiction or waiver of sovereign immunity to *this* Court. District court jurisdiction in cases like this generally comes from the Little Tucker Act, discussed below. But it does not exist here because Plaintiff's claims exceed the jurisdictional limitation of the Little Tucker Act.

### D. This Court Does Not Have Jurisdiction Under the Little Tucker Act Because Each Count Exceeds $10,000

The last possible source for jurisdiction and a waiver of sovereign immunity in this case is the Little Tucker Act. When the United States is the defendant, the district courts have (with exceptions not relevant here) "original jurisdiction, concurrent with the United States Court of Federal Claims of":

> [a]ny other [*i.e.,* non-tax] civil action or claim against the United States, *not exceeding $10,000 in amount*, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort[.]

28 U.S.C. § 1346(a)(2) (emphasis added). This provision operates both as a jurisdictional grant and a waiver of sovereign immunity for money-damages claims premised on other sources of law. *See Bormes*, 568 U.S. at 10. But the waiver of sovereign immunity has a key limitation. The amount of relief the plaintiff seeks cannot exceed $10,000.

9

As explained above, a suit against the United States for refund of an FBAR penalty is precisely the type of "illegal exaction" claim covered by the Little Tucker Act. It is a claim for money that "assert[s] that the value sued for was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Eastport Steamship*, 372 F.2d at 1007. *See also Trayco v. United States*, 994 F.2d 832, 836 (Fed. Cir. 1993) (importer's suit for refund of $7,500 customs penalty did not fall under Court of International Trade's exclusive jurisdiction, and the district court accordingly had jurisdiction under the Little Tucker Act). Thus, an FBAR refund suit may be brought against the government in district court, but *only* if the amount sought in each count is less than $10,000. *See Jones v. United States*, 2020 WL 4390390 (C.D. Calif. 2020) (FBAR refund suit brought for less than $10,000); *Moore v. United States*, 2015 WL 1510007, at *3 (W.D. Wash. Apr. 1, 2015); *Kentera*, 2017 WL 401228, at *6.

If a plaintiff's Tucker Act claim against the United States exceeds $10,000, jurisdiction does not lie in any district court: "the Court of Claims has exclusive jurisdiction of a Tucker Act claim in excess of $10,000. Federal district courts are granted concurrent jurisdiction with the Court of Claims only over suits for $10,000 or less." *Ware v. United States*, 626 F.2d 1278, 1287 (5th Cir. 1980) (citation omitted).  *See also Eastern Enters. v. Apfel*, 524 U.S. 498, 520 (1998) (noting "the Court of Federal Claims has exclusive jurisdiction to render judgment upon any claim against the United States for money damages exceeding $10,000" under the Tucker Act); *Paresky v. United States*, 995 F.3d 1281, 1289 (11th Cir. 2021) (holding "the Court of Federal Claims has

exclusive jurisdiction over such standalone claims [i.e., those for interest but not tax] exceeding $10,000").[3]

Here, the total amount Plaintiff seeks to be refunded is more than twenty times the jurisdictional cap. *See* ECF No. 1, at 9. Furthermore, each count of the Complaint demands relief that comfortably exceeds the $10,000 limit. Accordingly, the Court lacks subject matter jurisdiction.

### E. The Court Should Dismiss or Transfer the Case

Generally, if a district court lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). That is appropriate here—but there is another option. "[I]f it is in the interest of justice," the Court may also transfer the case to another court "in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, as explained above, the Tucker Act creates subject-matter jurisdiction for this case in the Court of Federal Claims. 28 U.S.C. § 1491(a). Plaintiff could have filed his case there. The Eleventh Circuit has suggested that the "interest of justice" test is satisfied and a transfer is appropriate where the plaintiff was directed to bring suit in the wrong court, or where the case would be time-barred if it were dismissed. *ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998). Here, it is not clear that the interest of justice requires a transfer, rather than a dismissal. Nevertheless, because the Court lacks subject-matter jurisdiction, it should transfer the case to the Court of Federal Claims if it does not dismiss it.

---

[3] Plaintiff can retain jurisdiction in this Court, but only by expressly waiving his right to receive more than $10,000. *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927–28 (9th Cir. 2008).

## CONCLUSION

Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) because no statute grants subject matter jurisdiction to this Court or waives the United States' sovereign immunity in this Court. To gain the full measure of relief he seeks, Plaintiff must sue for a refund in the Court of Federal Claims, the court of proper jurisdiction and where the United States has consented to be sued for this type of claim and in this amount. The Court should dismiss the complaint insofar as it seeks more than $10,000 per count. In the alternative, the Court should transfer the case to the Court of Federal Claims under 28 U.S.C. § 1631.

Dated: February 7, 2023.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

By: /s/ *Christina Tallulah Lanier*
CHRISTINA T. LANIER
D.C. Bar No. 1779680
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
(202) 765-4908 (v)
(202) 514-9868 (f)
Christina.T.Lanier@usdoj.gov

*Counsel for the United States*

Of Counsel:

DAVID HOWARD ESTES
United States Attorney
Southern District of Georgia

## CONCLUSION

Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) because no statute grants subject matter jurisdiction to this Court or waives the United States' sovereign immunity in this Court. To gain the full measure of relief he seeks, Plaintiff must sue for a refund in the Court of Federal Claims, the court of proper jurisdiction and where the United States has consented to be sued for this type of claim and in this amount. The Court should dismiss the complaint insofar as it seeks more than $10,000 per count. In the alternative, the Court should transfer the case to the Court of Federal Claims under 28 U.S.C. § 1631.

Dated: February 7, 2023.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

By: */s/ Christina Tallulah Lanier*
CHRISTINA T. LANIER
D.C. Bar No. 1779680
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
(202) 765-4908 (v)
(202) 514-9868 (f)
Christina.T.Lanier@usdoj.gov

*Counsel for the United States*

Of Counsel:

DAVID HOWARD ESTES
United States Attorney
Southern District of Georgia

13

## CERTIFICATE OF SERVICE

I certify that on February 7, 2023, I filed the foregoing document using the Court's CM/ECF system, which will serve this document on counsel of record.

*/s/ Christina Tallulah Lanier*
CHRISTINA T. LANIER
Trial Attorney, Tax Division
U.S. Department of Justice
