```
IN THE UNITED STATES DISTRICT COURT FOR THE
        SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

JOSEPH P. WARREN,                *
                                 *
    Plaintiff,                   *
                                 *
    v.                           *    CV 422-244
                                 *
UNITED STATES OF AMERICA,        *
                                 *
    Defendant.                   *

## O R D E R

Presently pending before the Court is Defendant United States of America's motion to dismiss, or in the alternative, transfer to the Court of Federal Claims. (Doc. 13.) For the following reasons, Defendant's motion to dismiss is **GRANTED** and Defendant's motion to transfer is **DENIED**.

### I. BACKGROUND

Plaintiff filed his Complaint on October 19, 2022, seeking an award of damages for $284,496.00 for amounts he wrongfully paid the Internal Revenue Service ("IRS") for penalties in tax years 2006 through 2012. (Doc. 1, at 9.) Plaintiff asserts the Court has subject matter jurisdiction ("SMJ") pursuant to 28 U.S.C. § 1346(a) because of Defendant's erroneous assessment of $284,496.00 for the "inadvertent non-filing of a FinCEN Form 114 Report of Foreign Bank and Financial Accounts" ("FBAR"). (Id. at 1.) The relevant facts are as follows.

From 2006 through 2012, Plaintiff held foreign financial accounts through Investikon, a financial management company. (Id. at 2.) He originally opened the accounts while working for a German-owned business in the United States. (Id.) All of the money placed into these accounts derived from Plaintiff's after-tax wages. (Id.) Plaintiff anticipated these accounts would serve as his day-to-day accounts if he moved to Germany, but Plaintiff never relocated, retired in 1999, and never made any more deposits into the foreign financial accounts. (Id.) All income and losses generated from the accounts were passive and because of market fluctuations. (Id.) The funds were legally acquired through his job, and Plaintiff maintained the accounts for use when he traveled abroad. (Id. at 3.)

In 2013, Plaintiff learned of his obligation to file information returns for his foreign accounts when he was notified by the financial institutions that his accounts were to be closed and were subject to FBAR filing requirements. (Id. at 2-3.) Until then, Plaintiff always prepared his own taxes and thought since he reported the income placed into the foreign accounts, he was not subject to FBAR filing requirements. (Id. at 3.) After learning of his FBAR filing obligations from the financial institution, but before any contact from the IRS, Plaintiff hired a certified public accountant ("CPA") to prepare FBARs from 2006 through 2012. (Id.)

On December 6, 2018, the IRS imposed penalties on Plaintiff for a willful failure to file FBARs for tax years 2006 through

2

2012. (Id.) Plaintiff asserts the IRS failed to show Plaintiff's actions were "voluntary, intentional, [or] a violation of a known legal duty" as is required to sustain a "willful" penalty under 31 U.S.C. § 5321(a)(5). (Id.) He also asserts the examining agent failed to properly determine the number of accounts Plaintiff had at Investikon and the agent's computation was incorrect under IRM 4.26.16.5.5.3 because the agent computed the highest balance by using four dates and four accounts, and without considering transfers or the fact no new funds were deposited into the accounts. (Id. at 3-4.) Based on these allegations, Plaintiff brings seven claims, seeking refund and abatement for tax years 2006 through 2012. (Id. at 4-8.)

On February 7, 2013, Defendant moved to dismiss, or in the alternative, transfer to the Court of Federal Claims. (Doc. 13.) Defendant argues the Court lacks SMJ. (Id. at 3-11.) In response, Plaintiff argues jurisdiction is proper in this Court under 28 U.S.C. § 1355. (Doc. 20, at 2-4.) Defendant replied in support of its motion, again arguing the Court lacks jurisdiction under either 28 U.S.C. §§ 1355(a) or 1346(a)(1). (Doc. 21, at 1-9.) The Court addresses the Parties' arguments below.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and an action may proceed in federal court only if SMJ exists. Brochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005).

3

Federal Rule of Civil Procedure 12(b)(1) permits litigants to move to dismiss when the court lacks jurisdiction over the subject matter of the dispute. "A federal court must always dismiss a case upon determining that it lacks [SMJ], regardless of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

To invoke the Court's jurisdiction, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 182 (1936); see also FED. R. CIV. P. 8(a) (stating that a pleading must contain "a short and plain statement of the grounds on which the court's jurisdiction depends"). On a motion to dismiss for lack of SMJ, the burden remains on the plaintiff to show the court's limited federal jurisdiction has been properly invoked. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005); see also OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2001) (finding that plaintiff has burden to establish court's SMJ "in the face of a factual challenge").

### III. DISCUSSION

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 3146(a) because of Defendant's alleged erroneous assessment of $284,496.00 against Plaintiff for the inadvertent non-filing of FBAR. (Doc. 1, at 1.) Defendant argues the Court lacks

4

jurisdiction under 28 U.S.C. § 1346(a) because Plaintiff does not seek a refund of taxes or tax penalties. (Doc. 13, at 3-6.) Defendant argues the Court also lacks jurisdiction under 28 U.S.C. § 1355 because the suit was not brought by the United States. (Id. at 6-8.) Defendant contends SMJ for FBAR refund suits exists under the Tucker Act, 28 U.S.C. § 1491(a)(1), or the Little Tucker Act, 28 U.S.C. § 1346(a)(2); however, the Tucker Act only gives jurisdiction to the Court of Federal Claims and the Little Tucker Act only gives district courts jurisdiction over claims not exceeding $10,000.00. (Id. at 8-11.) Because Plaintiff's claims are for more than $10,000.00 and no other statute waives Defendant's sovereign immunity in this Court, Defendant argues the case should be dismissed or transferred to the Court of Federal Claims. (Id. at 11-12.)

In response, Plaintiff argues SMJ is proper in this Court because jurisdiction is controlled by 28 U.S.C. § 1355, which does not impose a claim limit.[1] (Doc. 20, at 2-4.) He also argues the Court of Federal Claims has concurrent jurisdiction with the District Courts, but not exclusive jurisdiction. (Id. at 4-6.) In reply, Defendant again argues neither 28 U.S.C. § 1355(a) nor § 1346(a)(1) grant SMJ, and the Court of Federal Claims holds exclusive jurisdiction over Plaintiff's claims. (Doc. 21, at 1.)

---

[1] In his Complaint, Plaintiff alleged SMJ under 28 U.S.C. § 1346(a). (Doc. 1, at 1.) Despite changing the basis of SMJ, the Court considers Plaintiff's arguments.

5

Defendant argues the case should be dismissed, and not transferred, because Plaintiff failed to make arguments that the interests of justice favor transfer over dismissal. (Id. at 1, 10.) The Court considers the Parties' arguments below.

**A. 28 U.S.C. § 1346(a)**

Plaintiff originally claims SMJ pursuant to 28 U.S.C. § 1346(a)(1) but seems to abandon such claim in his response to the motion to dismiss. (Doc. 1, at 1; Doc. 20.) Nevertheless, the Court considers this statute as a basis of SMJ. Defendant argues the Court lacks SMJ under 28 U.S.C. § 1346(a) because Plaintiff does not seek a refund of taxes or tax penalties. (Doc. 13, at 3.)

> The statute provides:
>
> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of *any internal-revenue tax* alleged to have been erroneously or illegally assessed or collected, *or any penalty* claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected *under the internal-revenue laws*[.]

28 U.S.C. § 1346(a)(1) (emphasis added). But 31 U.S.C. § 5321, the statute the IRS used to impose penalties on Plaintiff for failing to file FBAR, provides: "The Secretary of the Treasury may impose a *civil money penalty* on any person who violates, or causes any violation of, any provision of section 5314." 31 U.S.C. § 5321(a)(5)(A) (emphasis added). As Defendant argues, the FBAR penalty is not an "internal-revenue tax" or "penalty . . . under

6

the internal-revenue laws." (Doc. 13, at 3 (quoting 28 U.S.C. § 1346(a)(1)).) Instead, Defendant argues FBAR was enacted as part of the Bank Secrecy Act, to prevent foreign accounts from being used for white-collar crime, including fraud, tax evasion, and concealing black-market proceeds. (Id. (citations omitted).)

The Court agrees there is a distinction between FBAR civil penalties and penalties issued under the internal revenue laws. As the Court of Federal Claims recently held, FBAR penalties imposed under 31 U.S.C. § 5321(a)(5) are "illegal exactions." Landa v. United States, 153 Fed. Cl. 585, 592 (2021) (citation omitted). The Court of Federal Claims has made clear that "FBAR penalties are not internal-revenue taxes." Mendu v. United States, 153 Fed. Cl. 357, 360 (2021). It explained that FBAR penalties are authorized in Title 31 of the United States Code, not the Internal Revenue Code in Title 26, and as such, FBAR penalties are not subject to statutory cross-references that equate "penalties" to "taxes." Id. at 365 (citations omitted). Because of this statutory distinction, the Court of Federal Claims concluded FBAR civil penalties are different from tax-related penalties under Title 26. Id. at 367-68 (citations omitted). Consistent with this determination, Plaintiff admitted "the FBAR penalty is a failure-to-report 'fine' or 'penalty' under Title 31 of the U.S. Code, rather than a 'tax' or 'tax penalty' under Title 26." (Doc. 20, at 4.)

7

Based on this distinction, the Court finds it does not have SMJ under 28 U.S.C. § 1346(a)(1) because the FBAR penalty is not an "internal-revenue tax" or "penalty . . . under the internal-revenue laws" as required by that statute.

**B. 28 U.S.C. § 1355**

In response to the motion to dismiss, Plaintiff alleges SMJ under 28 U.S.C. § 1355. (Doc. 20, at 2.) Defendant contends the Court lacks SMJ under 28 U.S.C. § 1355 because the suit was not brought by the United States, and even if it allows suits by private persons, the statute does not waive sovereign immunity for these types of suits. (Doc. 13, at 6-8; Doc. 21, at 2-7.)

> The statute provides:
>
> The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the *recovery or enforcement* of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

28 U.S.C. § 1355(a) (emphasis added). Then section (b) provides:

> A forfeiture action or proceeding may be brought in –
> (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

Id. § 1355(b)(1). Plaintiff argues under this language, District Courts have jurisdiction over lawsuits against the government for the refund of tax penalties. (Doc. 20, at 2.) There are two debates between the Parties – whether this statute applies to suits

8

by private parties and, if it does, whether it waives sovereign immunity. The Court addresses these questions below.

1. <u>Suit by Private Parties</u>

Defendant argues 28 U.S.C. § 1355 "is almost universally applied by the federal government in an action against a private citizen, rather than against the federal government." (Doc. 13, at 6.) But Defendant cites to cases finding both ways. (<u>Id.</u> at 6-7 (citations omitted).) Plaintiff acknowledges "differing views have been presented" regarding SMJ "because there are courts which have construed § 1355 as limited in its application to suits by the federal government, [but] that is not the exclusive construction nor application of the statute." (Doc. 20, at 4.) In reply, Defendant argues the plain text creates jurisdiction for suits brought by the government, and the word "recovery" in the statute refers to the government's ability to obtain a judgment from a person liable for the penalty, not for private persons to bring suit against the government. (Doc. 21, at 2-3.)

While most cases brought under 28 U.S.C. § 1355 are initiated by the United States, there are also cases where private parties use the statute to recover penalties assessed against them. <u>See, e.g.</u>, <u>Griekspoor v. United States</u>, 511 F.2d 137, 137-38 (5th Cir. 1975) (holding that district court had jurisdiction over suit to recover a penalty assessed by the Bureau of Customs); <u>Elliott v. United States</u>, 96 Fed. Cl. 666, 671 (2011) (holding that 28 U.S.C. § 1355 includes "a private cause of action against the Government

9

for recovery of assets unlawfully exacted"). Based on these findings, the Court finds there is no clear indication private parties cannot utilize 28 U.S.C. § 1355 to bring suit to recover penalties assessed against them. Thus, the Court turns to whether a private party can use the statute to sue the United States.

2. Sovereign Immunity

Even assuming 28 U.S.C. § 1355 allows for suit by private parties, Defendant argues the statute does not waive Defendant's sovereign immunity, thus barring Plaintiff's suit on this basis. (Doc. 13, at 7-8; Doc. 21, at 6-7.) Plaintiff asserts no arguments in opposition of this argument. (See Doc. 20.)

The United States maintains sovereign immunity against suit unless it has "unequivocally expressed" its intent to waive immunity. United States v. Nordic Vill., Inc., 503 U.S. 30, 33 (1992) (citation omitted). Any waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." Gomez-Perez v. Potter, 553 U.S. 474, 491 (2008) (citation omitted).

Defendant argues it does not waive sovereign immunity for suits under 28 U.S.C. § 1355, and the FBAR penalty statute does not prescribe a regime for seeking damages from the United States. (Doc. 13, at 7.) Because of this, and the ambiguity about whether this statute even applies to private suits, Defendant argues 28 U.S.C. § 1355 "cannot be characterized as 'unequivocally express[ing]' the Government's consent to be sued, and the few

10

courts that have addressed the question have found no waiver of sovereign immunity in that section." (Id. (alteration in original and citations omitted).)  The Court agrees with Defendants.

Similar to the issue of whether 28 U.S.C. § 1355 allows suit for private parties, there is limited case law about whether it provides a waiver of sovereign immunity.  But unlike the private parties question, the case law on sovereign immunity, while limited, is consistent in its finding that 28 U.S.C. § 1355 does not contain an "unequivocally expressed" waiver of immunity by the United States.  Nordic Vill., 503 U.S. at 33 (citation omitted). District courts across the country have found they do not have SMJ under 28 U.S.C. § 1355 because the statute lacks an express waiver to be sued.  See Koussa v. United States, No. 3:19-cv-1271, 2021 WL 9182423, at *5 (N.D. Tex. July 6, 2021) (holding that court lacks jurisdiction under § 1355 because plaintiff did not identify a statute waiving the United States' sovereign immunity); In re $22,420.00 in U.S. Currency seized from Aaron Lamont Richards, No. 4:08-cv-12, 2008 WL 1969209, at *2 (E.D. N.C. May 5, 2008) ("A simple reading of [28 U.S.C. § 1355] confirms that [it does] not contain explicit statutory consent to suit by the United States"). Because Plaintiff bears the burden of showing the Court's SMJ has been properly invoked, and he failed to put forth any arguments regarding a waiver of sovereign immunity, the Court finds he failed to prove jurisdiction under 28 U.S.C. § 1355.  See Sweet Pea Marine, 411 F.3d at 1248 n.2.  Based on the above findings, the

11

Court finds 28 U.S.C. § 1355 does not waive Defendant's sovereign immunity, thus it is not a proper basis for SMJ in this Court.

**C. Tucker Act and Little Tucker Act**

On its own accord, Defendant asserts SMJ for FBAR refund suits exists under the Tucker Act, 28 U.S.C. § 1491, or the Little Tucker Act, 28 U.S.C. § 1346(a)(2). (Doc. 13, at 8.) Plaintiff fails to assert jurisdiction under either basis. Because the burden falls on Plaintiff to establish SMJ, and he has failed to do so, the Court will not consider Defendant's additional arguments.

**D. Transfer Suit**

Based on the above, the Court found SMJ is not proper in this Court. Thus, the final issue the Court must determine is whether it should dismiss or transfer this suit. Defendant originally requested either course of action, but in reply to the motion to dismiss, Defendant moved only to dismiss, not to transfer, because Plaintiff failed to show the interests of justice favor transfer. (Doc. 21, at 10.) Plaintiff made no arguments supporting transfer in response to Defendant's motion. (See Doc. 20.)

Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims would have SMJ over this suit. The Tucker Act provides: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress" and it "constitutes a wavier of sovereign immunity with respect to those claims." 28 U.S.C. § 1491(a)(1); <u>United States v. Mitchell</u>, 463

U.S. 206, 212 (1983). The Little Tucker Act provides concurrent jurisdiction in the district courts for claims not exceeding $10,000, but the same cannot be said for claims over $10,000 as presented here. See Mitchell, 463 U.S. at 212 n.10 (citing 28 U.S.C. § 1346(a)(2)). Since jurisdiction would be proper in the Court of Federal Claims, the Court must determine whether it should transfer the case there.

When a Court determines it lacks jurisdiction over a case, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. While the Eleventh Circuit has not provided a clear definition of "interest of justice," it has held "one important factor is whether a denial of a transfer would effectively bar the plaintiff from relief in the proper court." United States v. Kinsey, 428 F. App'x 965, 965 (11th Cir. 2011) (citations omitted). In other words, one consideration is whether, without the transfer, the case would be time-barred when re-filed in the correct court. Id. (citations omitted).

As mentioned above, Plaintiff puts forth no arguments for or against transfer. Defendant originally suggests transfer in the alternative to dismissal, but it changes its position and urges the Court to dismiss because Plaintiff has not shown it would be time-barred if dismissed, or that he was incorrectly directed to bring suit in this Court. (Doc. 13, at 11; Doc. 21, at 10.) 28

13

U.S.C. § 2501 provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Thus, there is a six-year statute of limitations for cases before the Court of Federal Claims. Plaintiff alleges the IRS imposed the FBAR penalties against him "[o]n or about December 6, 2018." (Doc. 1, at 3.) Thus, the statute of limitations will not run until December of this year. Based on this finding, and because of Plaintiff's lack of argument supporting transfer, the Court finds, in the interest of justice, transfer is unwarranted. Since there is no basis for transfer, the Court will **DISMISS** Plaintiff's Complaint for lack of SMJ.

### IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 13) is **GRANTED** and Defendant's alternative request to transfer is **DENIED**. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of March, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA